# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAZ NELSON,<br><br>             Plaintiff,<br><br>      v.<br><br>CDCR, et al.,<br><br>             Defendants. | Case No. 1:15-cv-01393 DLB PC<br><br>ORDER DISMSSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Chad Nelson ("Plaintiff") is a state prison proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on September 14, 2015. He names the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and members of the "Classification and Staff Representatives" as Defendants.[1]

**LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 19, 2015.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is an African-American male and is currently incarcerated at California State Prison in Lancaster, California.  The events at issue occurred while Plaintiff was housed at North Kern State Prison.

Plaintiff alleges that he contracted Valley Fever while housed at North Kern State Prison.  As a result, he was hospitalized, underwent surgery and placed on medications to restore his health.  He still has chronic pain and chronic skin problems.

Plaintiff explains that housing decisions are made by a CDCR Committee known as the Classification and Staff Representative ("CSR").

He alleges that CDCR has known for twenty years that the region in which they built North Kern State Prison was a region where Valley Fever existed in the soil. CDCR also knew that African-Americans were more susceptible to Valley Fever.

Based on these allegations, Plaintiff states that his Fourth, Sixth, Eighth and Fourteenth Amendment rights have been violated. He sues the CDCR Secretary for knowing the dangers of Valley Fever and "its effects on the Black Race" but still permitting Plaintiff to be housed in the region without determining that he would not be in danger. ECF No. 1, at 3.

He also sues "members of the CSR" for knowingly endorsing Plaintiff to be housed at North Kern State Prison despite knowledge that persons of African-American descent were highly susceptible to contracting Valley Fever. ECF No. 1, at 3.

## C. ANALYSIS

### 1. Linkage

As explained above, section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant *personally participated* in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Therefore, Plaintiff must link the named defendants to the participation in the violation at issue. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement

3

of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991).

In his complaint, Plaintiff names the Secretary of CDCR and members of the CSR. He does not, however, identify any individuals and explain how they were *personally* involved in the alleged deprivation of his rights. Plaintiff's allegations are vague, and do not sufficiently connect any individual with the actions complained of. He must do more than set forth conclusory, speculative allegations.

Insofar as Plaintiff names Defendants in supervisory positions, he must demonstrate that Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them."

Plaintiff therefore fails to link any Defendant with specific acts and fails to state a claim.

2.  Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Plaintiff must plausibly allege that Defendants exhibited deliberate indifference in taking, or failing to take, the alleged actions. See Lua v. Smith, 2015 WL 1565370 (E.D. Cal. 2015). While the

Court recognizes that the exact circumstances required to state a claim under the Eighth Amendment based on Valley Fever exposure are not clear, it is well settled that exposure to, and contraction of, Valley Fever while housed at an endemic institution are not, by themselves, sufficient to state a claim under the Eighth Amendment.  In other words, the premise that the location of North Kern State Prison is so inherently dangerous due to the presence of Valley Fever cannot support a constitutional violation.  See Hines v. Youssef, 2015 WL 164215, at *4 (E.D.Cal. 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); accord Williams v. Biter, 2015 WL 1830770, at *3 (E.D.Cal. 2015).  This premise is unacceptable where free citizens residing in the surrounding areas tolerate this increased risk, regardless of race or medical condition. "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at relatively high risk exposure to Coccidioides immitis spores," and "[u]nless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk society would not tolerate." Hines, at *4.

For the reasons discussed above, Plaintiff's allegations are speculative, at best, and do not state a claim against any Defendant.  He does not sufficient allege that any Defendant knew of a substantial risk *to his health, specifically,* and failed to address it.  A general allegation that Defendants violated his rights because they knew that African-Americans were more susceptible to Valley Fever, yet placed Plaintiff in a prison in an endemic reason, does not suggest that they of a substantial *risk to Plaintiff* and failed to take action.  While Plaintiff may be able to ultimately state a claim against an individual who placed him at North Kern State Prison, he must sufficiently demonstrate that this individual knew of a substantial risk to him and failed to prevent it.

Plaintiff therefore fails to state a claim under the Eighth Amendment.

3.  Fourth, Sixth and Fourteenth Amendments

Plaintiff attempts to assert causes of action under the Fourth, Sixth and Fourteenth Amendments.  However, he has not alleged any facts that would suggest a violation of these amendments.

The Fourth Amendment deals with searches and seizures and would not apply under Plaintiff's facts. Similarly, Plaintiff does not include any facts that would implicate the Sixth Amendment, which relates to the right of self-representation.

Insofar as Plaintiff alleges a violation of the Fourteenth Amendment, he is advised that his claim is properly addressed under the Eighth Amendment. The concept of substantive due process is expanded only reluctantly and therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Finally, to the extent that Plaintiff cites the Fourteenth Amendment to support some type of discrimination claim, he has failed to allege any facts suggesting that any Defendant discriminated against him *because of* his race. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff therefore fails to state a claim under the Fourth, Sixth or Fourteenth Amendments.

## D.     **CONCLUSION AND ORDER**

Plaintiff does not state any cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations

must be [sufficient] to raise a right to relief above the speculative level. . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **December 17, 2015**                        /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE