UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAZ NELSON, | 1:15-cv-01393-GSA-PC |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM (ECF No. 23.) |
| v. | |
| CDCR, et al., | ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g). |
| Defendants. | |
| | ORDER FOR CLERK TO CLOSE CASE |

## I.      BACKGROUND

Plaintiff Chaz Nelson ("Plaintiff") is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 14, 2015.  (ECF No. 1.)[1]   The court screened the Complaint under 28 U.S.C. § 1915A and issued an order on December 15, 2015, dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 14.)  On March 18, 2016, Plaintiff filed the First Amended Complaint.  (ECF No. 17.)

On May 18, 2016, the court screened the First Amended Complaint and issued an order dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 18.)  On September 2, 2016, Plaintiff filed the Second Amended Complaint, which is now before the court for screening.  (ECF no. 23.)

---

[1]   On November 19, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California State Prison-Sacramento in Represa, California. At the time of the events at issue, Plaintiff was incarcerated at North Kern State Prison (NKSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants the Warden of NKSP and Captain F. Uriaz ("Defendants").

Plaintiff alleges as follows. Plaintiff is an African-American male. When Plaintiff was housed at NKSP, he contracted the disease known as Valley Fever. As a result of his infection he was hospitalized and underwent surgery. Plaintiff is currently in chronic pain and has chronic skin problems, high fevers, chills, and night sweats, all which have prevented him from living a normal life.

Plaintiff had no right to decide where he would be housed within the CDCR. A CDCR committee known as the Classification and Staff Representative made this decision.

The CDCR has been aware for over twenty years that the region where they built NKSP was a region where Valley Fever was known to exist in the soil. The Warden who housed Plaintiff at NKSP knew or should have known that Valley Fever was present in the institution's soil and that persons of African descent were more susceptible to contracting Valley fever than any other race.

Plaintiff seeks monetary damages and declaratory relief.

## IV.     PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM

### A.     Legal Standards

#### 1.     Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

## 2.  Deliberate Indifference -- Eighth Amendment Claim

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, the Eighth Amendment is not a mandate for broad prison reform or excessive federal judicial involvement. See Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.] . . ." Farmer, 511 U.S. at 834. As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 303 (1991). This requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Farmer, 511 U.S. at 834 (citations omitted); see also Hope v. Pelzer, 536 U.S. 730, 737-38 (2002); Wilson, 501 U.S. at 299-300 (discussing subjective requirement). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the

facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

## V.    DISCUSSION

### A.    Defendant Uriaz

As explained above, section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant *personally participated* in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Here, on the face of the Second Amended Complaint, Plaintiff names Captain F. Uriaz as one of the defendants. However, Plaintiff does not include defendant Uriaz in the factual allegations, and he therefore fails to explain how defendant Uriaz was involved in the alleged deprivation of his rights. The court explained this deficiency in prior screening orders, but Plaintiff has not corrected it.

Therefore, Plaintiff fails to state a claim under § 1983 against defendant Uriaz.

### B.    Defendant Warden of NKSP

Plaintiff claims that the Warden housed Plaintiff at KNSP and "should have known or knew that the Valley fever was present in the institution's soil [a]nd that Africa [*sic*] American Inmates were a race of people that were highly susceptible to contracting Valley fever more

than any other race." (ECF No. 23 at 7:6-12.) These allegations are not sufficient to state a claim against the Warden. Plaintiff has not alleged facts demonstrating that the Warden knew Plaintiff was at a substantial risk of serious harm and yet acted or failed to act, consciously disregarding that risk and causing Plaintiff harm. At most, Plaintiff states a claim for negligence against the Warden, which is not sufficient to state a claim for relief under § 1983.

Therefore, Plaintiff fails to state a claim under § 1983 against the Warden of NKSP.

## VI. CONCLUSION AND ORDER

The court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. This case is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk is ordered to CLOSE this case.

IT IS SO ORDERED.

Dated: __**August 17, 2017**__          __/s/ Gary S. Austin__
                                   UNITED STATES MAGISTRATE JUDGE